```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF OHIO
                    EASTERN DIVISION
```

Andrew P. Cooke, et al.,         :

      Plaintiffs,           :

  v.                             :     Case No. 2:05-cv-374

AT&T Corporation,                :     JUDGE HOLSCHUH

      Defendant.            :


<u>OPINION AND ORDER</u>

    Andrew P. Cooke and his wife, Elizabeth I. Cooke, filed this action against defendant AT&T Corporation alleging that they were improperly billed for long-distance telephone services and then continually and unwantedly requested, through multiple telephone calls, to pay for those services.  Mr. Cooke, who is an attorney, has been representing both himself and his wife throughout this litigation.  AT&T has asserted that Mr. Cooke should be disqualified both from representing his wife and from representing himself.  It filed a motion to disqualify on December 29, 2005, which is now fully briefed.  For the following reasons, the motion will be denied.

I.

    There are few facts which are germane to the motion to disqualify.  The only plaintiffs in this case are Mr. and Mrs. Cooke.  They are both represented by Mr. Cooke.  Both will apparently testify to having received telephone calls from representatives of AT&T and to the frequency and content of those telephone calls.  Both have asserted claims for damages based upon state tort law, including invasion of privacy and attempted theft, and they also assert claims under various Ohio statutes.

      AT&T asserts three bases for disqualification, all of which are grounded in disciplinary rules adopted by the Ohio Supreme

Court and applicable to proceedings in this Court through Model Federal Disciplinary Rule IV(B).  AT&T claims that under Disciplinary Rules 5-101(B), 5-102(A), and 5-103(A), Mr. Cooke must be disqualified because he is a potential witness, he is unable to exercise independent professional judgment on behalf of his client, and he has a personal interest in the outcome of the litigation.  The issue presented is whether any of these disciplinary rules provides a basis for disqualifying Mr. Cooke from representing himself and his wife in this case.

II.

The Court turns first to the question of whether Mr. Cooke may represent himself in this litigation.  Although AT&T purports to acknowledge authority from another District Judge in this District to the effect that a litigant has an essentially unqualified right to represent himself or herself in civil litigation in federal court, AT&T suggests that there are particular reasons in this case why Mr. Cooke should not be entitled to proceed in that manner.  This argument borders on the frivolous.

In <u>BSW Development Group v. City of Dayton</u>, 1995 WL 1671908 (S.D. Ohio, Sept. 13, 1995), Judge Rice noted that neither DR 5-101(B) nor 5-102(A) requires the disqualification of an attorney-witness who acts as his or her counsel.  <u>Id</u>. at *2, citing <u>In re American Cable Publications, Inc.</u>, 768 F.2d 1194 (10th Cir. 1985); 28 U.S.C. §1654 ("In all courts of the United States the parties may plead and conduct their own cases personally...").  AT&T has not cited a single case suggesting that an attorney representing himself in litigation is disqualified either because the attorney will also be a witness (which will presumably be so in almost every such case) or because the attorney has an interest in the subject matter of the case.  Indeed, if an attorney-litigant lacked an interest in the subject matter of the case, he or she would likely not have standing to bring the action in the first instance.

2

AT&T argues, alternatively, that because Mr. Cooke has expressed some personal anger with the conduct of the defendant, he should be disqualified from representing even his own interests.  Again, such an argument would prove too much.  Almost every attorney-litigant is dissatisfied with the conduct of the defendant and believes that he or she has been legally wronged. Nothing in either the Code of Professional Responsibility nor in any case cited by AT&T suggests that the degree to which the attorney believes he or she has been wronged, and the degree to which that dissatisfaction spills over into the conduct of the litigation, is significant in terms of whether the attorney may be permitted to represent his own interests.  Even if that were a permissible factor to take into account, the record in this case falls far short of suggesting that Mr. Cooke is so blinded to objectivity by his dissatisfaction with AT&T's conduct that he should not be permitted to represent himself.  Consequently, there is no basis upon which to disqualify Mr. Cooke from representing his own interests in this case.

### III.

The question of whether Mr. Cooke should also be permitted to represent his wife presents different issues.  Although it would seem that, as a matter of common sense, an attorney might comfortably represent members of his family, including his spouse, in litigation, there may conceivably be circumstances where such representation would violate a disciplinary rule and therefore not be permitted.  The most common situation arises where, as here, there is a possibility that the attorney will testify not only as to facts relating to his own claim for damages but also to facts supporting his wife's claim.  Under those circumstances, a literal reading of DR 5-101(B) and DR 5-102(A) might suggest that disqualification is appropriate.  Those rules prohibit an attorney from accepting employment in litigation if it is obvious that the lawyer ought to be called as a witness, and from continuing to represent parties in pending

litigation if the same circumstance exists.  Express exceptions are made if the testimony relates to uncontested matters, to matters of formality which are unlikely to be opposed, to the nature and value of the legal services rendered, or as to any matter if there would be a substantial hardship on the client presented by disqualification.  Some courts have applied these rules in a wooden and unquestioning fashion to disqualify an attorney from representing a spouse in litigation if the attorney is likely to be a witness.  See, e.g., The Cadle Co. v. Damadeo, 256 F.Supp. 2d 155 (E.D.N.Y. 2003).

This situation may be compared to the situation where a lawyer has hired another attorney in his or her firm to represent the lawyer in pending litigation.  Thus, courts have taken a more practical approach to the operation of the Disciplinary Rules, and have concluded that when the purpose advanced by the rules is not subverted by an otherwise apparent literal violation of the rules, no disqualification is needed.

The purpose of the rules at issue here is to "prevent situations in which others might think the lawyer, as witness, is distorting the truth for his client or is enhancing his own credibility as advocate by virtue of having taken an oath, as a witness, as well as the uneasy situation that arises when an opposing counsel must impeach on cross-examination another lawyer-adversary."  In re American Cable Publications, Inc., 768 F.2d at 1196.  That court cited with approval the Supreme Judicial Court of Massachusetts' decision in Borman v. Borman, 378 Mass. 775, 789-90 (1979), where the court indicated that these Disciplinary Rules "do [] not address that situation in which the lawyer is the party litigant."  The American Cable decision noted that any public perception concerning whether the lawyer has an interest in framing his testimony in a light most favorable to his own interests would be due to his role as a litigant and not to his role as an advocate, and the jury would therefore not be confused by the dual role played by the lawyer-

litigant or by the fact that the lawyer has another member of his own firm representing him.  As the court stated, id. at 1197, "[w]e think that American lawyers would be shocked, and properly so, by an interpretation of the ethics rules that would prohibit them from hiring their law partners to represent them as party litigants simply because they might have to testify in the lawsuit."  Such a practical approach was also taken in Ramsay v. Boeing Welfare Benefit Plans Committee, 662 F.Supp. 968 (D. Kan. 1987).  There, the court noted that, despite the apparent literal application of the Disciplinary Rules to the question of whether a lawyer can serve as both attorney and witness, "[t]he critical question is not whether or not a lawyer will be called as a witness, but whether the litigation can be conducted in fairness to all if the attorney is a witness.  And attorneys should not be disqualified unless the ethical problem posed by his role as a witness taints with misconduct the trial and the underlying adversary process."  Id. at 970.

    None of these concerns is implicated by Mr. Cooke's representation of his wife in this case.  To some extent, because each of the two plaintiffs has asserted an independent claim for damages, Mr. Cooke's testimony concerning both the nature and frequency of phone calls received by his wife and their impact on her will be cumulative of her testimony on the same subject.  Further, it will be clear to the jury that when Mr. Cooke testifies both on his own behalf and on his wife's behalf, his role is as a witness.  He will be subject to cross-examination by opposing counsel with respect to testimony given in support of his own claim, and it will not create any additional uneasiness for him to be cross-examined about testimony he gives on behalf of his wife.  Further, the jury will understand that Mr. Cooke has an interest in the outcome of the case both with respect to his own claim and his wife's claim and will take that into account in evaluating both his testimony and arguments he presents as an advocate for both.  In short, the purposes served

by the cited Disciplinary Rules will not be subverted in this unique situation.  Like the <u>American Cable</u> court, this Court believes that American lawyers and the general public would be shocked by an interpretation of the ethics rules that would prohibit an attorney from representing his or her spouse in any case where the attorney might possess an overlapping claim or might be called upon to give testimony relating to the spouse's claim.

IV.

For the reasons set forth above, the Court finds no basis to believe that, by representing himself and his wife in this case, Attorney Cooke is violating any applicable Disciplinary Rule. Further, even if some technical violation might be teased out of the language of the rules, they clearly were not intended to apply to this situation and their purposes are in no way subverted by Mr. Cooke's continued representation of his and his wife's interests in this case.  That being so, there is no basis upon which to disqualify him as attorney.  Therefore, AT&T's motion to disqualify Attorney Andrew P. Cooke and Browning & Cooke as plaintiffs' counsel (#19) is denied.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge

or District Judge.  S.D. Ohio L.R. 72.4.

                                              <u>/s/ Terence P. Kemp</u>
                                              United States Magistrate Judge