```
           IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF OHIO
                     EASTERN DIVISION
```

**ANDREW P. COOKE, et al.,**          :

       **Plaintiffs,**              :       Case No. 2:05-cv-374

  **v.**                                :       Judge Holschuh

**AT&T CORP.,**                         :

       **Defendant.**               :

                                    :

<u>**ORDER**</u>

Plaintiffs Andrew and Elizabeth Cooke filed suit against Defendant AT&T Corp. alleging numerous causes of action arising from repeated calls to their home phone number by AT&T employees. This matter is currently before the Court on Plaintiffs' motion for leave to file an amended complaint. The Court also notes that the status of this amended complaint will likely affect the Court's disposition on Defendant's motion for judgment on the pleadings. (R. at 25).

**I.  BACKGROUND AND PROCEDURAL POSTURE**

The relevant background for this motion may be best explained by reviewing its procedural posture. On April 13, 2005, Defendants removed this case to federal court. (R. at 1). The preliminary pretrial order filed on May 20, 2005 set a deadline for amended pleadings on June 15, 2005. Defendant filed a motion for judgment on the pleadings as to counts three (3) and six (6) of Plaintiffs' complaint on March 8, 2006. Plaintiffs

did not respond to Defendant's motion for judgment on the pleadings claiming lack of service.  (R. at 28).  Plaintiffs then filed for leave to amend their complaint on May 17, 2006.  (R. at 33).  This amended complaint attempted to remedy possible deficiencies of the original complaint that were revealed in Defendant's motion for judgment on the pleadings.  Plaintiffs requested, should their leave to amend be denied, that they be given fourteen days to respond to Defendant's motion for judgment on the pleadings.

**II. SYNOPSIS OF ARGUMENT**

Plaintiffs argue the Court should grant leave to amend because justice so requires.  Defendant counter-argues that undue delay, dilatory motives, and futility preclude Plaintiffs from justifying a grant of leave to amend.  Neither party directly addresses the question of whether Fed.R.Civ.P. 16(b) is pertinent to the issue of whether plaintiffs should be allowed to file an amended complaint.

**III. LAW AND ANALYSIS**

    **A.  After a Scheduling Order Deadline Expires, Motions to Amend Pleadings Must Be First Reviewed Under Rule 16(b) and Then Assessed Under Rule 15(a).**

Generally, motions to amend pleadings are governed by Rule 15(a) of the Federal Rules of Civil Procedure.  When the court has issued a scheduling order setting a deadline for motions to amend the pleadings, however, a subsequent motion for leave to

amend must first be analyzed under Rule 16(b) before determining whether the motion satisfies Rule 15(a).  In the Memorandum of the First Pretrial Conference, the deadline for amended pleadings was set for June 15, 2005.  (R. at 9).

Rule 16(b)(1), Fed. R. Civ. P., states that the district court "shall...enter a scheduling order that limits the time... to amend the pleadings."  Once such a schedule is in place, it may only be modified by a showing of "good cause."  The proviso in Rule 15(a) that "leave [to amend] shall be freely given when justice so requires" presupposes that the moving party has complied with any Rule 16 deadline.  See Sosa v. Airprint Sys., Inc., 133 F.3d 1417 (11th Cir. 1998)("if we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure").  Rule 16, in other words, prescribes the time by which any motion for leave to amend must be filed; Rule 15 provides guidance to the courts on deciding the merits of timely motions.  After a scheduling order has been issued, Rule 16(b) permits the Court to modify that order only upon a "showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension."  Fed. R. Civ. P. 16(b), Advisory Committee Notes to 1983 Amendments.

### B. Rule 16(b) Requires a Showing of "Good Cause" for Failing to Amend Before the Expiration of the Scheduling Deadline.

Under Rule 16(b), "once a scheduling order's deadline passes, a party must first show 'good cause' for the failure to seek leave to amend prior to the expiration of the deadline before a court will consider whether the amendment is proper under Rule 15(a)." <u>Hill v. Banks</u>, 85 Fed. Appx. 432, 433 (6th Cir. 2003). An amendment coming late in discovery should not be denied as a penalty to the moving party when the factual basis for the amendment was not disclosed until late in discovery. <u>See MPT, Inc. v. Marathon Labels, Inc.</u>, 2005 U.S. Dist. LEXIS 29278 (N.D. Ohio, Nov. 23, 2005); <u>Discover Bank v. New Vision Financial, LLC</u>, 2005 WL 1865369 (S.D.Ohio, Aug.1, 2005) (allowing leave to amend because a limited discovery extension confirmed suspicions sufficient in fact that new claims could be asserted in good faith). The <u>MPT, Inc.</u> court noted the defendant's admission "the bulk of time and expense spent on discovery related to the issue has been incurred" and also pointed to the "ample time" still available before the court's discovery deadline.

While Defendant does point out that the deadline for amended pleadings has expired, there is no argument on either side regarding "good cause" to determine the disposition of Plaintiffs' motion. (Def. Respon. to Pl.'s Mot. for Leave to

4

Amend, p. 3; R. at 36).

### C. Diligence of the Moving Party Often Justifies Modification of the Court's Pre-Trial Schedule and Satisfies a Showing of "Good Cause" Under Rule 16(b).

Diligence of the moving party highlights the primary element in meeting 16(b)'s "good cause" standard; as explained by the 1983 Advisory Committee Notes, "the court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension." Prejudice to the party not seeking alteration to the scheduling order should be a factor, but the main focus should remain on the moving party's exercise of diligence. See Andretti v. Borla Performance Indus., Inc., 426 F.3d 824, 830 (6th Cir. 2005). An assertion of "good cause" is likely meritorious when the moving party can show it "has been generally diligent, the need for more time was neither foreseeable nor its fault, and refusing to grant the continuance would create a substantial risk of unfairness to that party." 3 Moore's Federal Practice, ¶16.14[1][c] at 16-72.1. Carelessness or oversight is ordinarily incompatible with a finding of diligence. See North Start Mut. Ins. Co. v. Zurich Ins. Co., 269 F. Supp. 2d 1140, 1145 (D. Minn. 2003) ("carelessness, inadvertence, or inattention" is not compatible with a finding of diligence so as to support modification of scheduling order deadlines); see also Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-609 (9th Cir. 1992) (finding

attorney's carelessness in not paying attention to responses in pleading and discovery is not adequate for relief).

Here, Plaintiffs offer no evidence to show they were unaware of critical facts that prohibited them from amending their complaint. No evidence has been brought forth to satisfy the "good cause" requirement of Rule 16(b). The First Pretrial Conference set the deadline for amended pleadings for June 15, 2005. (R. at 9). Plaintiffs did not amend their complaint prior to this deadline, and have made no effort to illustrate their diligence to persuade the Court to grant leave to amend.

Plaintiffs correctly state that leave to amend pursuant to Rule 15(a) shall be "freely given when justice so requires." Fed. R. Civ. P. 15(a). However, this analysis is applied only after meeting the requirements of Rule 16(b) when the motion for leave to amend is filed *ex poste* the Rule 16 deadline. See Hill, 85 Fed. Appx. at 433. Neither the Plaintiffs nor the Defendant addressed the failure to comply with Rule 16(b) in the briefs on this matter. Because neither party identified the correct legal standard when arguing this issue, the Court will grant each party fourteen (14) days from the date of this order to submit clarifying arguments.

**IV. CONCLUSION**

For these reasons set out in this order, each party is granted fourteen (14) days to submit briefs regarding whether

"good cause" exists to satisfy the requirements of Fed. R. Civ. P. 16(b).

/s/ Terence P. Kemp
United States Magistrate Judge