IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Andrew P. Cooke, et al.,          :

    Plaintiffs,               :

  v.                                :     Case No. 2:05-cv-0374

AT&T Corporation,                 :     JUDGE HOLSCHUH

    Defendant.                :

ORDER

    In this case, in which the plaintiffs accuse AT&T of violating various provisions of state and federal law by repeatedly calling them in order to try to collect an alleged debt, AT&T has moved for judgment on the pleadings.  In response, the plaintiffs requested leave to file an amended complaint and also requested an extension to respond to the motion for judgment on the pleadings if they were not permitted to amend their complaint.  On January 22, 2007, the Court noted that neither the plaintiffs' motion for leave to amend nor AT&T's response directly addressed the question of whether the plaintiffs had been sufficiently diligent to excuse their compliance with the time limit for moving to amend the complaint set forth in the preliminary pretrial order.  As a result, the Court granted each party leave to file a supplemental memorandum on this issue.  Those memoranda have now been filed.  For the following reasons, the Court concludes that good cause exists to permit the plaintiffs to amend the complaint to assert a claim under the Fair Debt Collections Practices Act but not to amend their claim under the Ohio Pattern of Corrupt Activity Act.

    The Court's order of January 22, 2007 sets forth the standard under which a party's exercise of due diligence in

meeting a deadline set in a pretrial order is evaluated.  It suffices to say that if a party can demonstrate, through no fault of his or her own, that the deadline could not have been met, and if it would not be unduly prejudicial to the opposing party, the Court may relax the filing deadline at issue.

 Here, plaintiffs requested the Court to permit them to amend their complaint to "clarify" their claims under the Pattern of Corrupt Activities Act (PCA) and to assert a new claim under the federal Fair Debt Collections Practices Act, 15 U.S.C. §1692a(6). The former claim is subject to the motion for judgment on the pleadings, while the latter claim is not.  Plaintiffs advance no specific reason for the delay in requesting leave to clarify their PCA claim; in fact, their most recent memorandum does not address that claim at all.  Rather, they address only the issue of the delay in asserting the claim under the Fair Debt Collections Practices Act.

 With respect to that claim, they note than an FDCPA claim ordinarily can not be asserted against an organization which is attempting to collect its own debts.  They note that they attempted, through discovery, to determine whether AT&T was acting on its own behalf in collecting these debts or whether it had engaged third-party debt collectors to do so.  They did not receive any response to those discovery requests until after the deadline for moving to file an amended complaint had lapsed, and the discovery responses came eight months after the Cookes propounded their discovery requests.  Based on these discovery responses, they now believe that they have a sufficient basis to plead a claim under the Fair Debt Collections Practices Act.

 The Court concludes that, with respect to this claim, the Cookes have shown a sufficient exercise of due diligence to excuse their compliance with the filing deadline.  Further, although AT&T asserts that the claim is futile because it fails

to state a claim upon which relief can be granted, the Cookes have articulated an argument why they should be allowed to proceed with a FDCPA claim.  Rather than determine the merits of the claim in the context of the motion to amend, the Court will permit the claim to be asserted so that AT&T can determine whether it is appropriate to move to dismiss the claim as pleaded, or whether the claim should be the subject of discovery and subsequent motions practice.  Thus, the Cookes will be permitted to amend to add this claim.

With respect to the clarification of the PCA claim, the Cookes have made no showing that the facts which they seek to add to the complaint in order to clarify this claim could not have been discovered through the exercise of due diligence until after the date for filing a motion for leave to amend had passed.  The Court concludes that they may make an adequate argument concerning the sufficiency of the claim in response to the motion for judgment on the pleadings without the need for an amendment.  Consequently, because the Rule 16(b) standard has not been met with respect to this proposed amendment, there is no need for the Court to determine whether the standards under Rule 15(a) would permit the Cookes to clarify their PCA claim.

Based upon the foregoing, plaintiffs' motion for leave to amend (#33) is granted in part and denied in part.  Plaintiffs may amend their complaint to add a claim under the FDCPA.  They shall file an appropriate pleading within ten days of the date of this order.  The motion is denied in all other respects.  Plaintiffs shall file their memorandum in response to the motion for judgment on the pleadings within fourteen days of the date of this order.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A),

3

Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.

/s/ Terence P. Kemp
United States Magistrate Judge